**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| AMERICAN STRUCTURES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GROUND/WATER TREATMENT & TECHNOLOGY, LLC,<br><br>Defendant. | Civil Action No. 1:26-cv-3076 |

**AMERICAN STRUCTURES, INC.'S COMPLAINT AGAINST GROUND/WATER TREATMENT & TECHNOLOGY, LLC**

Plaintiff American Structures, Inc. ("ASI"), by and through its attorneys, and for its Complaint against Ground/Water Treatment & Technology, LLC ("GWTT"), states as follows:

**PARTIES**

1. Plaintiff American Structures, Inc. is a Wisconsin corporation with its principal place of business in Wisconsin.

2. Defendant Ground/Water Treatment & Technology, LLC is a Delaware limited liability company with its principal place of business in New Jersey.

3. On information and belief, GWTT is majority owned by Hudson Ferry Capital II, L.P., a Delaware limited partnership which is licensed as a Small Business Investment Company and managed by Hudson Ferry Capital Management LLC, a Delaware limited liability company with its principal place of business in New York.

4. On information and belief, GWTT's members include Robert Kunzel (a citizen of Florida), Matthew Phillips (a citizen of New Jersey), Kenneth Kaufman (a citizen of New Jersey), John Balla (a citizen of New Jersey), Kevin Byrne (a citizen of Connecticut), Richard

DYKEMA GOSSETT PLLC • 1301 K Street NW, Suite 1100 West, Washington, DC 20005

Worthington (a citizen of New Jersey), Bryan Lamphear (a citizen of New Jersey), Robert Orlando (a citizen of New Jersey), Sal Gilfillan (a citizen of Pennsylvania), Robert Moore (a citizen of New Jersey), Kevin Marchut (a citizen of New Jersey), and Joseph Landyn (a citizen of Maine).

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. ASI is a citizen of Wisconsin, as it is incorporated in Wisconsin and has its principal place of business in Wisconsin.

7. Upon information and belief, GWTT is a citizen of Connecticut, Delaware, Florida, Maine, New Jersey, and Pennsylvania, and is not a citizen of Wisconsin.[1]

8. Upon information and belief, there is complete diversity of citizenship between the parties because GWTT and its members, whose citizenship is attributed to GWTT, do not share citizenship with ASI.

9. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10. This Court has personal jurisdiction over the parties because they consented to jurisdiction in the District Court for the Eastern District of Virginia.

11. This Court also has personal jurisdiction over the parties because they purposefully availed themselves of the Commonwealth of Virginia by providing and performing work for a construction project located in Prince William County, Virginia.

DYKEMA GOSSETT PLLC • 1301 K Street NW, Suite 1100 West, Washington, DC 20005

[1] Fed. R. Civ. P. 7.1(a)(2), Committee Notes - 2022 Amendment ("Pleading on information and belief is acceptable at the pleading stage, but disclosure is necessary both to ensure that diversity jurisdiction exists and to protect against the waste that may occur upon belated discovery-destroying citizenship.")

12. Venue is proper in the Eastern District of Virginia and its Alexandria Division because the subject construction project took place in Prince William County, Virginia, and a substantial part of the events or omissions giving rise to the claim occurred in this District and Division. *See* 28 U.S.C. §§ 127, 1391(b); LCivR 3(C).

**FACTUAL ALLEGATIONS**

13. On or about October 18, 2023, ASI and GWTT entered into a written agreement, GWTT Purchase Order No. 4000 005-KJM, and accompanying Subcontract Agreement ("the Contract") for the performance of work at the Possum Point Power Station Water Treatment System ("the Project").

14. ASI performed all of its obligations under the Contract.

15. In total, the outstanding balance due to ASI is $1,307,542.80, which includes (a) billed, but unpaid, invoices, and (b) retention which should be released to ASI.

16. ASI sent GWTT a written demand for payment of all outstanding amounts due under the Contract.

17. Despite ASI's completion of all work under the Contract, GWTT's acceptance of the tanks, and ASI's written demand for payment, GWTT has refused and continues to refuse to pay the amounts owed to ASI.

18. GWTT has further breached the Contract by refusing to approve change order requests by ASI.

19. As a result of GWTT's refusal to pay the outstanding balance and approve necessary change order requests, ASI has been damaged in the amount of $1,307,542.80, plus applicable interest, costs, fees, and other amounts to be proven at trial.

20. ASI attempted to resolve the dispute in accordance with the dispute resolution procedures set forth in the Contract.

DYKEMA GOSSETT PLLC • 1301 K Street NW, Suite 1100 West, Washington, DC 20005

21. Because the parties did not agree on a resolution, ASI elects to pursue litigation and all remedies that may be available at law or in equity.

**COUNT I—BREACH OF CONTRACT**

22. Plaintiff realleges and incorporates by reference the above paragraphs.

23. The Contract is a valid and enforceable agreement between ASI and GWTT.

24. ASI performed all of its obligations under the Contract.

25. All conditions precedent that entitle ASI to payment have occurred or have been performed.

26. GWTT materially breached the Contract by refusing to pay ASI the amounts due and owing under the Contract.

27. In accordance with the Contract's requirements, ASI submitted numerous requests for change orders.

28. All conditions precedent that entitle ASI to change orders have occurred or have been performed.

29. GWTT materially breached the Contract by refusing to approve ASI's change order requests.

30. As a direct and proximate result of GWTT's material breaches of the Contract, including GWTT's refusal to approve ASI's change order requests, ASI has suffered damages in the amount of $1,307,542.80, plus applicable interest, costs, fees, and other amounts to be proven at trial.

DYKEMA GOSSETT PLLC • 1301 K Street NW, Suite 1100 West, Washington, DC 20005

DYKEMA GOSSETT PLLC • 1301 K Street NW, Suite 1100 West, Washington, DC 20005

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff American Structures, Inc. respectfully requests that this Court enter judgment in its favor and against Defendant Ground/Water Treatment & Technology, LLC as follows:

1. Damages in the amount of $1,307,542.80, plus applicable interest, costs, fees, and other amounts to be proven at trial.

2. Pre-judgment interest as provided by law;

3. Post-judgment interest as provided by law; and

4. Such other and further relief as the Court deems just and proper.

Dated: September 16, 2026

Respectfully submitted,

**DYKEMA GOSSETT PLLC**

/s/ Charles W. Chotvacs

Charles W. Chotvacs (VSB# 70045)
1301 K Street, N.W., Suite 1100 West
Washington, D.C. 20005
Telephone: (202) 906-8619
Facsimile: (888) 813-2443
CChotvacs@dykema.com

*Counsel for Plaintiff American Structures, Inc.*